The cause was submitted without argument, and the opinion of the Court was delivered by
The Solicitor-General and Prescott for the plaintiffs.
Dexter and Jackson for the defendants.
* Parsons, C. J.
On the trial of the issues of the [ * 663 ] question submitted to the jury was, whether the chattels replevied were the property of the plaintiffs. A verdict being found by consent of the parties for the plaintiffs, subject to the opinion of the Court on a case stated, we have examined the facts agreed upon, and, upon consideration, are satisfied that the verdict is right. The property being in Joseph and Hugh M’LeUan, they mortgaged it by a deed in due form, duly executed, and for a valuable consideration, to the plaintiffs.
But it is objected that the goods, when the deed was executed, were in South Carolina, and that the plaintiffs did not, in fact, take possession of them, until after they had been attached at the suit of certain creditors of the M’Lellans.
Personal property passes by grant on'the execution of the deed, and at common law an actual delivery is not necessary to the validity of the grant. By the English statute of 21 Jac. c. 19, which forms a part of their bankrupt system, a grant, where the possession is not delivered, but remains in the grantor, will not protect the property against the assignee of the grantor, if he become bankrupt. But the English bankrupt laws were never in force in this state. By the construction of that statute, a sale of a ship and cargo abroad is good, although possession be not immediately deliv ered, provided the evidence of the title be delivered, and the vendee take possession as soon as the property is within his reach. In this state, the neglect of delivery may bé a circumstance from which a jury may, with other circumstances, presume fraud; but the sale is not thereby void. Now, the schooner, in this case, arrived at Gloucester on the 4th of January, 1808, and it is agreed that the plaintiffs took possession of her and her cargo as soon as they had knowledge of her arrival. Here was, therefore, no delay in the plaintiffs, nor any circumstance, from which it might be inferred that the sale was not bona fide. The mortgage must be deemed to have legally vested the property in the plaintiffs, and judgment is to be rendered on the verdict.
* Note. — After the Chief Justice had delivered the [ * 664 ] opinion of the Court as above, he observed that one reason, which induced him to save this case, was, that it might be ascertained whether there was any distinction between what is commonly called the grand bill of sale in England, which is necessary to pass ships at sea, and the bills of sale for vessels used in this country. He said he knew no distinction, and believed there was *582 none. He thought, on the whole, that the case was so plain, as t< have been hardly worth reserving.