## Toby *against* Reed.

Where on a motion for a new trial, it appeared, that a deposition was offered to prove a point within the issue, and on the objection of the adverse party, it was rejected ; and this was all that appeared, the ground of objection or of exclusion not being stated ; it was held, that a new trial ought not to be granted, the presumption being, in the absence of opposing facts, that the judge exercised his jurisdiction soundly.

The return of an execution duly served on chattels, to the clerk of the court from which it issued, is not necessary to enable the officer to avail himself of it in justification of the taking ; there being a distinction, as to the necessity of a return, between *mesne* and *final* process.

Where the delivery of a bill of sale, a material fact in the case, was sworn to by a witness, and *admitted* by the adverse party ; and the judge submitted the question of delivery to the jury, observing, that if they believed the witness, the delivery was proved ; it was held, that as the attention of the jury was not withdrawn from the admission of the party, there was no misdirection.

Where a bill of sale is made of personal property, which is not put into the possession of the vendee, but remains, with his permission, in the possession

of the vendor, the bill of sale is *prima facie* fraudulent and void, and conclusively so, unless the presumption of fraud be repelled, by reasons satisfactory to the jury; whose duty it is, under the direction of the court, to pass upon this part, as well as upon the other parts of the case.

The action of trespass being founded on possession, and that only, title in the plaintiff, without possession, whether derived from an absolute bill of sale, or a mortgage, is insufficient to sustain such action.

A mortgagee of real estate, not in possession, is not entitled to the emblements, severed by another person.

The mortgagor is the owner of the estate mortgaged in fee simple; and the mortgagee has only a lien upon it equivalent to a chattel interest.

THIS was an action of trespass for the entry of the defendant on the plaintiff's land and taking and carrying away several specified articles of personal property, including a quantity of corn-stalks, some unthreshed wheat and a few sticks of timber.

The cause was tried at *Litchfield, August* term, 1831, before *Hosmer*, Ch. J.

*Barnabas Toby,* the plaintiff's father, was formerly the owner of the real estate described in the declaration. The plaintiff claimed title thereto, by virtue of two mortgage deeds from his father to him, one dated the 16th of *January* 1829, embracing the grantor's home farm, the other dated the 14th of *September,* 1830, embracing that farm and other land in *Sharon,* given to secure the payment of a promissory note for 1485 dollars. The plaintiff also claimed title to the property described in the declaration, by virtue of a bill of sale thereof, dated the 14th of *September* 1830, given as additional security for the payment of said note and of a further sum of 200 dollars. These instruments were duly executed and delivered. The defendant, being a legal officer, took, by virtue of an execution in favour of *Hezekiah Goodwin* against *Barnabas Toby,* all the articles of property described in the declaration, except the corn-stalks, 10 shocks of wheat and the sticks of timber. The last-mentioned articles were embraced in the bill of sale, and were taken, by the defendant, with the other property; but for some reason which does not appear, the execution was not levied on them. The execution was regularly proceeded with and endorsed by the defendant, in all respects, except that it was not returned to the clerk of the court from which it issued. Under these circumstances, the defendant offered it in evidence with his return thereon; to which the plaintiff ob-

Litchfield,
June, 1832.

Toby
v.
Reed.

jected; but the judge overruled the objection, and admitted the evidence.

For the purpose of establishing the validity of the plaintiff's claim for the sum of 200 dollars specified in the bill of sale as money paid by him to *William Hollenbeck*, for the benefit of *Barnabas Toby*, the plaintiff offered in evidence the deposition of *Hollenbeck*, which, it was admitted, was duly taken. The defendant objected to the admission of this deposition; and the judge excluded it.

The plaintiff claimed to have proved, that he took actual possession of all the property specified in the mortgage deeds and in the bill of sale, on the 14th of *September*, 1830; and that the debts and claims specified in the bill of sale were *bona fide* and are still justly due; and the execution and delivery of the bill of sale being admitted, the plaintiff thereupon prayed the judge to instruct the jury, that if they should find these facts to be proved, he was entitled to recover for all the articles taken by the defendant, embraced in the bill of sale; but if the jury should find, that the plaintiff did not so take possession, but suffered *Barnabas Toby* to remain in possession after the execution of the bill of sale, that fact formed no objection to the plaintiff's recovery for the corn-stalks, wheat and sticks of timber, which were not taken by virtue of the execution. It was admitted, that these articles, at the execution of the mortgage deed and of the bill of sale, were standing and growing on the land described in the mortgage deeds, and were afterwards severed, by some other person than the plaintiff.

The defendant, on his part, claimed to have proved, that *Barnabas Toby* never delivered to the plaintiff the possession of any part of the property, real or personal, but continued in the possession of the whole thereof, using it as his own, without any reason or explanation being given for so doing. The defendant also claimed to have proved, that the mortgages and the bill of sale were executed, not for the purpose of securing the debts specified therein, but with intent to enable the owner of the property to cover it up and keep it from his creditors, particularly from *Goodwin*, and, at the same time, to have the use of it.

The judge charged the jury as follows : " The plaintiff claims the property in question, partly by virtue of mortgages, and partly by a bill of sale. The validity of both are denied. First, as to the property derived under the mortgages. It is object-

*Litchfield,*
June, 1832.

Toby
*v.*
Reed.

ed, that the debt is not *bona fide.* This is a question of fact; which you will determine on the evidence exhibited. Secondly, it is objected, that the plaintiff was never in possession of the mortgaged premises; but that the pretended delivery of possession was fictitious and fraudulent. This again is a fact for your determination. If you find, that the defendant was in possession, the objection fails; but if he never was in possession, he has no legal right to the crops in question, that were raised on the mortgaged premises. Thirdly, it is objected, that the mortgage was never made nor intended to be a security for the debt mentioned in the mortgage, but that it was a fraudulent devise in order to defeat the recovery of *Goodwin's* debt, and to protect the plaintiff's father in the enjoyment of the property. If these facts are proved to your satisfaction, the mortgage, as to *Goodwin*, is fraudulent and void. Fourthly, as to the crops in question, if the debt or deed was *bona fide*, and the possession was really delivered to the plaintiff, he had right to them.

"With respect to the bill of exceptions, numerous objections have been made. First, it has been said, that the debt pretended to be secured by the bill of sale, was not *bona fide;* in other words, that it never existed. If you find this to be the fact, the bill of sale is void. Secondly, it is objected, that the bill of sale was never delivered. If this be so, it never had legal effect; but if you believe the witness to this point, it was delivered. Thirdly, it is objected, that the property embraced in the bill of sale was never put into the possession of the plaintiff, but has always remained, with his permission, in the possession of *Barnabas Toby.* Now, if this be the fact, the bill of sale *prima facie* is fraudulent and void; and conclusively so, unless some good reason satisfactory to you, shewing that there was no fraud in the transaction, has been made to appear. Fourthly, to both the mortgage and the bill of sale a general objection has been made, *viz.* that there was *intentional* fraud in the whole transaction; the sole object of the plaintiff being to help his father, by keeping him in the undisturbed possession of his property, and, at the same time, to shield him against the debt of *Goodwin.* If this be so, the mortgage and the bill of sale are fraudulent and void. Lastly, as to the shocks of wheat, stalks of corn, and sticks of timber, not taken on *Goodwin's* execution, and which grew on the mortgaged premises, the principle is this : If the plaintiff had the possession of

them, he is entitled to recover for the taking of them by the defendant; but if he never had the possession of them, he has, thus far, no legal right of action."

The jury returned a verdict for the defendant; and the plaintiff moved for a new trial.

*Bacon* and *O. S. Seymour*, in support of the motion, contended, 1. That a conditional bill of sale of chattels, without actual possession by the vendee, vests the property in him as against a mere wrong-doer. This bill of sale is a *mortgage*, as contra-distinguished from a *pledge* of goods; and a mortgage stands on the same footing with respect to possession, as an absolute bill of sale. A pawnee has only a lien on the goods pledged, which cannot be maintained without possession. But a mortgage vests the right of property in the mortgagee; and possession is not essential to his title. *Homes* & al. v. *Crane*, 2 *Pick.* 607. 610. *Ward* & al. v. *Sumner*, 5 *Pick.* 59. 4 *Kent's Comm.* 132. *Barrow* v. *Paxton*, 5 *Johns. Rep.* 258.

If the mortgagee of chattels cannot bring an action against a stranger, who interferes with the property, he is remediless.

Does the fact that the corn-stalks, &c. were growing upon the premises, at the date of the bill of sale, vary the case? A sale of growing crops, by an instrument in writing, though not executed with the formalities of a deed, is valid, and vests the property in the vendee. Does the severance of the crops from the land, divest the vendee of his property? If after severance his title continues, that title draws after it the constructive possession.

2. That *Hollenbeck's* deposition should have been suffered to go to the jury. The ground of its rejection was, that the deponent had used the word *undersigned* instead of *indorsed*. But a deposition, which is mere parol testimony, is not to be treated like a written contract offered in evidence. The jury would have had no difficulty in rightly understanding it.

3. That the charge of the judge to the jury, leaving it *to them* to say, whether satisfactory reasons existed why the vendor should remain in possession, was wrong. This point it was the duty of the court to decide. Such is the rule. *Swift* & al. v. *Thompson*, 9 *Conn. Rep.* 63. and cases therein cited.

4. That as the delivery of the bill of sale was admitted on the trial, it should not have been submitted to the jury as a point open for their consideration.

5. That the execution in favour of *H. Goodwin* v. *B. Toby*, was not admissible in justification of the taking, because it had never been returned.

*T. Smith* and *Sedgwick*, contra, contended, 1. That the execution was properly admitted. The rule is, that *mesne* process must be returned, but that *final* process need not be. *Hoe's* case, 5 *Co.* 90. *Ashborough's* case, *Cro. Eliz.* 17. *Rowland* v. *Veale* & al. *Cowp.* 20.

2. That a new trial ought not to be granted for the rejection of *Hollenbeck's* deposition. In the first place, that deposition was exceptionable, because it described a paper, and traced it into the plaintiff's hands, which was not produced. 1 *Swift's Dig.* 757. Dr. *Leyfield's* case, 10 *Co.* 88. 1 *Phil. Ev.* 398. Secondly, if it was not in fact rejected on this ground, it is a sufficient objection to the granting of a new trial, that it does not appear from the motion on what ground it was rejected. The rule of the court is explicit on this point. 6 *Conn. Rep.* 327.

3. That the question whether the bill of sale was a fraudulent conveyance, was properly submitted to the jury. The only objection is, that the jury were suffered to pass upon the satisfactory explanation, requisite to repel the presumption of fraud from possession by the vendor after the sale. The uniform course of the court, is, to state the rule of law, and then to submit all the evidence on the point—conducing to raise the presumption of fraud and to repel it—to the jury. *Burrows* v. *Stoddard*, 3 *Conn. Rep.* 431. *Patten* v. *Smith* & al. 4 *Conn. Rep.* 450. 455. *Swift* & al. v. *Thompson*, 9 *Conn. Rep.* 63.

4. That the mortgagor, in this case, and not the mortgagee, being in possession of the land, this involved the possession of the crops ; and upon severance, during the continuance of such possession, the mortgagor's title thereto became perfect and indefeasible ; and consequently, the mortgagee cannot maintain trespass for the injury complained of. *Colman* v. *Duke of St. Albans*, 3 *Ves.* jun. 25. *Drummond* v. *Duke of St. Albans*, 5 *Ves.* jun. 433. *Ex parte Wilson*, 2 *Ves. & Bea.* 252. *Gresley* v. *Adderley*, 1 *Swanst.* 573. *Higgins* & al. v. *York Buildings Company*, 2 *Atk.* 107. *Mead* v. Lord *Orrery* & al. 3 *Atk.* 244. *Birch* v. *Wright*, 1 *Term Rep.* 382. *Moss* v. *Gallimore*, *Doug.* 279. *Poke* v. *Biggs*, 9 *Barn. & Cres.* 245. (17 *Serg. & Lowb.* 368.)

*Litchfield,*
*June, 1832.*

Toby
*v.*
Reed.

HOSMER, Ch. J.   Several objections are made to the legality of the determinations by the court below, which I shall distinctly consider.

1. For the purpose of establishing the plaintiff's claim for the two hundred dollars, specified in the condition to his bill of sale, he offered the deposition of one *William Hollenbeck.* The defendant objected to its admission; and the court excluded it.   This is all that appears; the ground of objection or of exclusion, being no where stated.   There are not in the motion sufficient facts, to enable the court to see, that the exclusion of the testimony was erroneous.   By the rule of this Court, (6 *Conn. Rep.* 327.) in all motions for a new trial, the precise point made by the party, and the precise opinion expressed by the court, must appear on the face of the motion.   The court is bound to consider the determination below to have been correct, on the common presumption, that the judge exercised his jurisdiction soundly, until facts are presented from which the opposite appears.

2. The admission in evidence of the execution levied on a part of the goods in question, and not returned to the clerk's office, has been objected to.

It is established law, that *mesne process* must be returned, or that the arrest or attachment by virtue of it, is tortious ; the end of the proceeding being to compel the defendant to appear and answer the plaintiff.   But if an execution is duly served on chattels, and is not returned, the proceeding is valid ; for the plaintiff has obtained the effect of his suit, and nothing afterwards is to be done on his part.   *Hoe's* case, 5 *Rep.* 90. *Ashborough's* case, *Cro. Eliz.* 17.   *Rowland* v. *Veale* & al. *Cowp.* 20.

3. An objection was made, at the trial below, that the aforesaid bill of sale was never delivered ;   and the court charged the jury, that if such was the fact, the instrument had no legal effect ; at the same time, they were instructed, that the delivery was proved, if they credited the testimony of the witness. It appears on the motion, that the delivery of the bill of sale was admitted, by the defendant ; and hence, it is now urged, that the court ought not to have committed it, as a contested point, to the jury.   There was nothing in the observations of the judge to *withdraw* the attention of the jury from the above admission ; and it is a fair presumption, that it was regarded, and had its proper weight.

*Litchfield,*
June, 1832.

Toby
*v.*
Reed.

4. The jury were charged, that if the property comprised in the bill of sale was not delivered, but was retained in the possession of the vendor, the above instrument, *prima facie,* was fraudulent, and even conclusively so, unless some good reason repelling the presumption of fraud should appear to the satisfaction of the jury. It is now objected, that this satisfactory explanation must be given to *the court,* and not to the jury; and to this end cases are cited, in which an expression to this effect was made. *Burrows* v. *Stoddard,* 3 *Conn. Rep.* 431. *Patten* v. *Smith* & al. 4 *Conn. Rep.* 450. 455. *Swift* & al. v. *Thompson,* 9 *Conn. Rep.* 63. By the word *court,* in the cited cases, undoubtedly is meant, the forum which is to decide; and what forum is there but the jury, acting under the direction of the court? The jury must pass upon this, as well as on every other fact in the case; and the objection, not a little hypercritical, is unquestionably groundless.

5. I now come to consider a more important objection made in the case. The court charged the jury, that if the plaintiff was never in possession of the mortgaged premises, he had no legal right to the crops which grew thereon; and as to the three small articles of property, on which the execution was not levied, if they were never in his possession, in respect of them, he could not maintain his action. This part of the charge is strongly objected to. In opposition to it, the following principle has been advanced; that a conditional bill of sale by way of mortgage, not accompanied or followed by possession in the vendee, invests him with a legal title to the property, and as against a wrong-doer, authorizes an action of trespass.

It is an established principle of law, that the action of trespass is founded on possession only, and not on title. An injury to the plaintiff's possession is the gist of his action; and if this indispensable fact does not appear, the suit cannot be sustained. 1 *Chitt. Plead.* 175. *Arch. Pr.* 216. *Lambert* v. *Stroother, Willes* 218. 221. *Catteris* v. *Cowper,* 4 *Taun.* 547. *Dyson* & al. v. *Collick,* 5 *Barn. & Ald.* 601. *Ricker* & al. v. *Kelly* & al. 1 *Greenl.* 117. *Duke of Newcastle* & al. v. *Clark* & al. 8 *Taun.* 602. S. C. 2 *Moore* 666. *Graham* v. *Peat,* 1 *East* 244. Hence, a lessee cannot support this action before entry; (1 *Ld. Raym.* 367.) nor an heir at law against an abator; (*Com. Dig. tit.* Trespass. B. 3.) nor can a bargainee, although the statute of uses transfers the possession. *Com. Dig.*

*tit.* Trespass. B. 3.    *Berry* v. *Bowes,* 1 *Vent.* 361.    The proof of title does not dispense with the proof of possession.    It is for this conclusive reason, that the action of trespass is adapted and intended to give the possessor a remedy for an injury committed.    Whether the plaintiff's title is derived from an absolute bill of sale, or one on condition subsequent, as a mortgage is, there exists no difference.    Possession, in both cases, is equally indispensable; and for the same reason.    To sustain the plaintiff's action, it is devolved on him to show, that the vendee of a conditional bill of sale, by way of mortgage security, although never in the actual possession of the property conveyed, is deemed in law to be constructively possessed : In other words, that the possession of the mortgagor is, in legal consideration, the possession of his mortgagee.    No such principle is to be found in any elementary book ; nor is it either expressed in, or to be implied from, any decided case.    If such be the law, it is yet to be declared.

If the mortgagor were strictly a tenant at will to the mortgagee, there might be some reason for the assertion, at least, so far as relates to the land mortgaged, that the mortgagee not in possession might maintain trespass.    He might, perhaps, be considered as the servant of the mortgagee.    But although the mortgagor has sometimes been said to be a tenant at will, the expression, derived from a supposed analogy, is clearly incorrect.    In one particular, at least, he resembles a tenant at will, as to the right, at his pleasure, to terminate the mortgagor's possession ; but in other most important respects, there is no analogy.    No rent is reserved, or is payable, by the mortgagor, for the use of the mortgaged property ; and to the emblements the mortgagor is not entitled, if the mortgagee, before severance, enters into the possession ; the opposite of which is true, in respect to a tenant at will.    The tenancy of a mortgagor is *sui generis ;* and the nature of it is ascertainable, not from any technical denomination, except that of mortgagor ; but from the source and properties of his estate.

The mortgagor derives no estate from the mortgagee, but transfers one, as a security for his debt.

In the first place, he is the owner of the estate mortgaged in fee simple ; and the mortgagee has a lien upon it, equivalent to a chattel interest.    This point is unquestionably settled, in *England* and in this country, by extremely numerous determinations.    (So numerous and familiar, that it is unnecessary to

cite them.) His estate, then, whatever it is, is inherent in him, and not derived from the mortgagor; and so is his possession. This subject, however, need not be discussed; for there is one consideration of a nature so conclusive as effectually to repel the plaintiff's claim.

The mortgagee has no right to the emblements, unless he takes possession of the estate mortgaged; and when severed by the mortgagor, they become his property absolutely, and without any liability to account for them. 1 *Pow. on Mort.* 232. 2 *Pow. on Mort.* 1024, 5. 4 *Kent's Comm.* 151. 155. 158. 2 *Swift's Dig.* 166. 168. *Colman* v. *Duke of St. Albans*, 3 *Ves.* jun. 25. *Drummond* v. *Duke of St. Albans*, 5 *Ves.* jun. 433.

From the brief discussion above, it is unquestionable, not only that the mortgagee was not constructively possessed of the estate mortgaged, but that the property demanded by the plaintiff, severed from the said estate, by the mortgagor, when in possession, was absolutely and exclusively his.

The cases cited for the plaintiff, have no bearing on the point of controversy. They either regard the mortgagee's title to the mortgaged estate; (4 *Kent's Comm.* 132. *Homes* & al. v. *Crane*, 2 *Pick.* 607. 610.) or the constituents of a fraudulent conveyance; (2 *Stark. Ev.* 617.) or the action of trover; (*Bul. N. P.* 33. *Gordon* v. *Harper*, 7 *Term Rep.* 9.) or the undisputed principle, that he who has the actual or constructive possession of property, at the time of an injury done, may maintain trespass.

I would not, therefore, advise a new trial in this case.

The other Judges were of the same opinion.

New trial not to be granted.