## Gates *against* Bushnell.

To preserve the lien, created by the attachment of goods, it is indispensably necessary, that a demand be made of the debtor, upon the execution, within sixty days after final judgment, or if such goods are incumbered by prior attachment, within sixty days after such incumbrance is removed.

And if goods be attached, and held to respond the judgment, by one officer, and the execution be given to another, a demand must be made of the attaching officer, within the same time.

It is no excuse, for the want of such demand of the attaching officer, that he, before the expiration of the creditor's lien, had fraudulently disposed of the goods attached, and had thus put it out of his power to comply with the demand.

Where several writs of attachment, in favour of different creditors, are served successively upon the same goods, the duration of the several liens thereby created, is to be calculated from the times of actual service, as shewn by the returns, and not according to the order in which the writs of attachment were delivered to the officer for service.

A suit, in this state, is commenced only by the service of the writ, and not by the delivery of it to an officer for service.

This was an action on the case. The declaration comprised two counts; the first being special, the second in trover.

The cause was tried at *Haddam, August* term, 1832, before *Williams*, J.

The plaintiff claimed to have proved the following facts. On the 15th of *July* 1829, the *Smith Manufacturing Company* owned the property described in the declaration, consisting of sundry articles of machinery, which, on that day, were simultaneously attached, by the defendant, as a deputy-sheriff, in two suits against the company, one in favour of one *Redfield*, and the other in favour of one *Parmelee.* On the 16th, the same articles were attached, on divers writs, in favour of different creditors, of whom the plaintiff was one, served by *A. E. Bingham,* as a deputy-sheriff, and by *M. G. Warner,* as a constable. The latter writs, were delivered to these officers successively, and were served successively, with the in-

tention of giving priority in the same order; and this order was specified in the returns. All these suits went into judgment, on the 23rd of *October,* 1829; and on the 18th of *December,* 1829, the execution in favour of *Parmelee* was levied, by the defendant, on the property in question, which was posted to be sold, on the 7th of *January* following. Previous to the day of sale, the defendant entered into a fraudulent combination with an individual, who had the controul of this execution, to dispose of the property, and in pursuance of such combination, the defendant did dispose of it, so as to prevent a fair competition at the sale, and to enable the individual referred to, and persons employed by him, to obtain it for less than responsible bidders, then present, offered to give for it; in consequence of which, it was sold for 2406 dollars, 30 cents, only, when, if fairly disposed of, it would have sold for more than 3000 dollars. The plaintiff's execution, bearing date the 16th of *March* 1831, was put into the hands of *Olmsted Gates,* a deputy-sheriff, who, on the 18th, demanded said property of the defendant, that it might be taken on such execution; but the defendant neglected and refused to deliver it; and the officer made his return accordingly.

It was admitted, that no steps were taken to collect the plaintiff's execution, until said 18th of *March* 1831; that the *Smith Manufacturing Company* was wholly insolvent; that all the property of the company, had been expended on said claims; that if the duration of the liens, by virtue of said attachments, was to be calculated according to the date of the returns, and the actual times of service, (all those appearing to be served at the same time, being regarded as concurrent,) the plaintiff's lien had expired before the demand of the 18th of *March* 1831; but if the liens were to be determined according to the order, in which the writs had been delivered to the officer for service, the lien, by virtue of the plaintiff's attachment, expired on the 7th of *February* 1831.

The plaintiff claimed, that whichsoever of these modes of calculating the duration of the liens, should be adopted, the plaintiff was entitled to recover: if the first mode, then, as the defendant had, during the continuance of the plaintiff's lien, fraudulently disposed of the property, he was liable on that ground, without any demand on the execution; if the latter mode, then, the demand being made before the expiration of

*Middlesex,*
July, 1833.

Gates
*v.*
Bushnell.

the lien, and the defendant having refused to deliver the property, became liable on that ground ; and as the property was more than sufficient to satisfy all the executions, the plaintiff was entitled to recover the amount of her judgment, interest and costs ; and she prayed the court so to instruct the jury.

The court instructed the jury, that the plaintiff having stated in her declaration, that demand was made upon her execution, while her lien by attachment was subsisting, this allegation, if not impertinent, must be proved ; that an attachment, of itself, confers no title, but merely gives the attaching creditor an opportunity to acquire a title to the property attached, or the avails of it, by obtaining judgment, and causing his execution to be levied within the time prescribed by law ; but unless he pursues these steps, the presumption is, that he has abandoned his lien ; that the plaintiff, therefore, must prove, that within the time that her lien subsisted, she took out execution, and caused search to be made for the property attached, and demanded it of the persons in whose hands it remained ; that this must be done, in case of an attachment of real estate, within four months after judgment, and in case of an attachment of personal estate, within sixty days ; and where there are prior attachments, it must be done, in case of real estate, within four months, and in case of personal estate, within sixty days, after the incumbrances are removed ; that where there are several attachments levied at the same time, and the fact so appears by the return of the officer, no one of those attachments can be considered as prior to the others, in making the computation as to incumbrances, but such attachments must, as to the duration of incumbrances, be considered as one attachment ; and that as upon such computation, it is agreed, that the plaintiff's execution was not attempted to be levied on land, and no demand was made until long after that time had expired, a verdict must be given for the defendant.

The jury returned a verdict for the defendant accordingly; and the plaintiff moved for a new trial for a misdirection.

*Strong,* in support of the motion.

*Sherman* and *Waite,* contra.

CHURCH, J.   The questions raised by this motion, for a new trial, are,

First, Whether the plaintiff, in order to preserve the lien, created by her attachment, should have caused demand to be made of the defendant, who was the officer, who had, by virtue of previous attachments in favour of other creditors, attached the same property, and taken it into his possession; and whether she should have taken the other legal measures preparatory to the levy of her execution upon the property attached?   And

Secondly, Whether the duration of the liens created by the several previous writs of attachment, in favour of other creditors, as set forth in the motion, is to be calculated from the dates of the several returns of the officers thereon, and from the times of actual service, or according to the order in which the writs of attachment were delivered to the officers for service?

1. The statute regulations on this subject, are, that "No estate attached, shall be held to respond the judgment, obtained by the plaintiff, at whose suit the same is attached, either against the debtor, or any other creditor, unless such creditor take out execution on such judgment, and have the same levied on goods or personal estate, within sixty days after final judgment; or if such goods are encumbered, by any prior attachment, the execution to be levied within sixty days after such incumbrance is removed."   *Stat.* 37.   And in this state, it has been considered, that personal estate which has been attached, by one officer, may, notwithstanding, be subsequently attached, by another officer, subject to the prior attachment.   *Cole* v. *Wooster,* 2 *Conn. Rep.* 203.

It is also directed by statute, that an officer, to whom an execution is directed, shall repair to the debtor's usual place of abode, if within his precincts, unless he find him in some other place, and make demand of the debt; and upon refusal, or neglect of payment, the officer shall indorse on the execution, when and where he made demand of the debt, and the sum due thereon, and shall levy the same on the personal estate of the debtor.   *Stat.* 56.

A lien created by attachment, exists only for the purpose of enabling an attaching creditor to perfect an incipient right, by a legal levy of his execution, upon the property attached;

*Middlesex,*
July, 1833.

Gates
*v.*
Bushnell.

but there can be no legal levy of the execution within the time necessary to preserve the lien, if within that time, the preliminaries to a valid levy, are not observed, among which a demand is indispensable; and if this is not made in cases where the law requires it, the property attached is exonerated from the operation of the lien. *Cole* v. *Wooster,* 2 *Conn. Rep.* 203.

So too, whenever an officer has attached estate, and holds it to respond the judgment, if the execution come into the hands of another officer, a demand must be made of the attaching officer; otherwise, he could never know how long to retain, or to whom to deliver it, and would have right to presume, that the creditor had abandoned his lien. *Scott* v. *Crane,* 1 *Conn. Rep.* 255.

The operation of these principles, in the present case, is attempted to be avoided, by the claim, that the defendant, before the plaintiff's lien had expired, had disposed of the articles attached, and had fraudulently sold them to *Champion,* and thus had put it out of his power to restore the property, or deliver it upon the demand of the officer holding the plaintiff's execution; and therefore, a demand, under these circumstances, was not necessary; and the case of *Burrows* v. *Stoddard,* 3 *Conn. Rep.* 431. is relied upon, in support of the position.

If the authority of that case were free from doubt, it establishes no principle governing this.

Here it is proper to remark, that the plaintiff makes no claim under the second count in her declaration, which is in trover, but founds herself entirely upon her rights as attaching creditor. She never had either the possession, or right of possession, of the goods attached; and this makes the distinction between the present case and the case of *Burrows* v. *Stoddard.* In that case, the plaintiff, who was the attaching creditor, was also the receipts-man of the property attached. The officer delivered it into his actual possession. The action was *trespass,* founded upon the plaintiff's possessory rights as bailee, which the Court say "alone lays the foundation for a recovery against a wrong-doer." It seems clear, then, that it was legally necessary, that a demand and all other pre-requisites of a legal levy of the plaintiff's execution, should have been made.

2. But the question is, when should it have been made? During the existence of the lien, created by the attachment, certainly; and this lien continued no longer than sixty days after all prior incumbrances had been removed. No demand was made, and no other steps were taken, to collect the plaintiff's execution, before the 18th day of *March* 1831; and it is admitted, that if the duration of previous incumbrances, created by prior attachments, is to be calculated from the dates of the officer's returns, and the times of actual service, all those attachments, appearing from said returns to have been levied at the same time, being regarded as concurrent, then the plaintiff's lien had expired before the said 18th day of *March* 1831.

Nothing short of an actual attachment can create a lien; and this attachment can be made only by some act of the *officer* serving the writ, which, in legal contemplation, is equivalent to the actual possession and custody of the property. Therefore, the mere act of the *party*, in delivering a writ of attachment to an officer for service, is no part of the attachment. *Hollister* v. *Goodale,* 8 *Conn. Rep.* 332. *Lane* & al. v. *Jackson,* 5 *Mass. Rep.* 157. *Train* v. *Willington,* 12 *Mass. Rep.* 495. *Turner* v. *Austin,* 16 *Mass. Rep.* 181. *Denny* v. *Warner, Id.* 420. *Gordon* v. *Jenny, Id.* 465. *Naylor* & al. v. *Dennie,* 8 *Pick.* 198. *Merrill* v. *Sawyer, Id.* 392. *Beekman* v. *Lansing,* 3 *Wend.* 446.

The attachment of property under a writ of attachment, is a part of the process of serving the writ, an incipient step in the commencement of the suit; and a suit, in this state, is commenced only by the service of the writ, and not by its delivery to an officer for service. *Clark* v. *Helms,* 1 *Root* 486. *Ely* v. *Parsons,* 2 *Conn. Rep.* 377. *Jencks* v. *Phelps,* 4 *Conn. Rep.* 149.

I conclude, then, that the duration of the previous incumbrances, is to be calculated from the actual times of the service of the respective prior attachments, as ascertained by the dates of the officer's returns thereon; and, of course, that the plaintiff's lien upon the property attached had expired, before any demand or other necessary proceedings, were had under her execution. The officer's return is the only safe and certain criterion, by which third persons can ascertain the existence of prior incumbrances: to this all persons interest-

Middlesex,
July, 1833.

Gates
v.
Bushnell.

ed may resort for information ; and without this, I know of no means of knowledge, which creditors, purchasers or others can have, as an officer cannot be compelled out of court to speak on this subject.

The plaintiff's lien upon the property attached, therefore, having expired before she had taken any steps to levy her execution, her situation does not differ from that of other creditors of the *Smith Manufacturing Company*, who had never attached ; and she, no more than they, has suffered injury, by the alleged misconduct of the defendant. *Smith* v. *Blake*, 1 *Day* 258.

A new trial ought not to be granted.

The other Judges were of the same opinion ; PETERS, J. remarking, that he was glad to see *Burrows* v. *Stoddard* shaken, and he thought it would not survive another concussion.

New trial not to be granted.