Sanford *v.* Pond.

AARON SANFORD, Jr., *vs.* JONATHAN W. POND AND ANOTHER.

The plaintiff, as an officer, attached certain personal property and removed a part of it, but was prevented by the defendants from removing the rest, and it was left in their possession. In his return indorsed upon the writ he described the property taken away but made no mention of that left behind. In trespass against the defendants for taking the property it was held that there had been no legal attachment of the same and that the plaintiff could not recover.

The officer's return upon a writ of attachment must show what property has been attached, and parol evidence cannot be admitted for the purpose.

This rule however does not affect the right of an officer to show the real fact, upon a proper proceeding for amending his return where there has been a mistake in it.

The writ on which the attachment was claimed to have been made was against a party residing out of the state. By statute such a case is to be continued to the next term, but judgment was rendered by default at the first term. Held that, if the property had been properly attached, a levy of an execution upon it under such a judgment would have been of no effect.

No execution was taken out on the judgment for more than two years, the lien of the attachment being limited by statute to two months. Held that on this ground the property could not be recovered by the officer, even if the attachment had been valid in the first instance.

Held also that the officer could recover for the property only on the ground of his liability for it to either the plaintiff or the defendant in the attachment suit, and that as the plaintiff had lost his lien the officer could not be liable to him.

Sanford v. Pond.

The property claimed to have been attached was an interest held by the defendant in that suit in common with one *P*. *P*'s interest had been sold on execution in another suit to one *K* and had been delivered to him. Held that, as *K* was thus the co-tenant of the defendant and was in possession, the defendant could have no claim upon the officer for the property, and that therefore the officer could not on that ground make any claim upon the present defendant for the property.

A writ in favor of a party described as residing in New Haven county against a party described as residing in another state, was made returnable to the Superior Court for the county of Fairfield. Held that the court had no jurisdiction and that the process was void upon its face.

TRESPASS *de bonis asportatis* and trover; brought to the Superior Court for the county of Fairfield and tried to the jury on the general issue, with notice, before *Pardee, J.* Verdict for the plaintiff and motion for a new trial by the defendants for error in the rulings and charge of the court, and also on the ground that the verdict was against the evidence. The case is sufficiently stated in the opinion.

*Doolittle* and *Blake*, in support of the motions.

*Taylor* and *Sanford*, contra.

FOSTER, J. The property which is the subject of controversy in this case was owned by Julius A. Preston and Edwin Barnes jointly, in the month of January 1868. It was at that time in and about certain buildings on Charles Island, which is within the county of New Haven. Pond, one of the defendants, testified that on the 24th of that month two writs of attachment in favor of Preston against Barnes were placed in his hands, and he, as a deputy to the sheriff of the county of New Haven, was directed to serve them by attaching the interest of Barnes in that property. These writs are not in evidence, and there is therefore no proof of a legitimate character that they were ever served or returned. On the next day, the 25th of January, a writ of attachment in favor of John B. Carrington against Preston was put into the hands of Pond, with directions to make service by attaching Preston's interest in the same property. He visited the island on that day, and commenced service of the writ, but did not

complete his inventory of the property attached till the 8th of February following. On the 14th of March a writ in favor of Daniel M. King against Preston was placed in the hands of Pond, and this was levied on the same property, subject to the previous levy in favor of Carrington. The goods, for reasons given in evidence, were not removed, but left on the premises on Charles Island. The doors of the buildings were fastened up, and the keys taken by Pond. He visited the island again on the 19th, and again on the 23d of the same month, to see that all was safe.

On the 24th of March, Sanford, the plaintiff, came to Charles Island with two writs of attachment against Barnes—one in favor of Philo H. Skidmore, the other in favor of Nathaniel G. English. Sanford served these writs by levying on the same property, and, aided by those who accompanied him, proceeded to remove it to the boat and barge on which they came to the island from Bridgeport. After moving a considerable portion of the property, and while engaged in the work, Pond, with several assistants, came upon the ground, closed up the doors of the house, and forbade Sanford from intermeddling with, or carrying away the property, declaring that he, Pond, had already attached it. Sanford thereupon quitted the premises, carried off the property he had laden on board his boats, and left the residue in possession of Pond. In his returns made on his writs, which he thus commenced to serve, Sanford described the property which he actually took and carried away, but made no mention of that left behind in the possession of Pond. It is for the value of that property, not returned by the plaintiff as attached, that he seeks to recover in this action.

Any interest which the plaintiff has acquired in this property must have accrued to him solely through the service of these writs of attachment. These must have been lawful and valid writs, he must have been duly qualified to serve them, and he must have served them and proceeded with them according to law, in order to derive from them any title or interest whatever.

The power of taking property by attachment, before any

just debt or claim has been established, is an extraordinary power, given by statute, against common right; and no title can be acquired by its exercise, except by strict compliance with the terms of the statute.

One of the writs under which the plaintiff acted was in favor of N. G. English, described as of New Haven, in the county of New Haven, against Edwin Barnes, described as late of New Haven, now of Norfolk, Virginia. This writ was returnable to the Superior Court for the county of Fairfield, to be held at Danbury on the 2d Tuesday of August, 1868. Under our statute we think that court had no jurisdiction of the persons described in the writ. Gen. Stat., p. 17, § 80. The process was void on its face, and it is not necessary therefore to bestow upon it further consideration. There remains the writ of Skidmore against Barnes, which seems to be a valid precept. The plaintiff, though not an executive officer, was lawfully deputed as an indifferent person to serve this writ, and the question in this part of the case is, did he, in serving it, attach the property in question?

It has already been stated that he did not return it on the writ as attached, but he offered himself as a witness to prove that he did attach it, and was permitted to do so, though the defendant objected to the testimony.

Our statute, as we think, plainly requires that the return on every writ of attachment should show what property has been attached under it. To allow the officer or indifferent person who has served it, to come into court in another suit, between other parties, and testify to his having attached other property not mentioned in the return, and so leave the evidence of the proceedings had on the writ to rest partly in writing and partly in parol, would introduce infinite confusion and mischief. We see no good reason for allowing a practice so strange and anomalous. It is strongly insisted that the officer may amend his return, even after a long period of time has elapsed, indeed after he has gone out of office; and that is readily admitted. It is a just and salutary rule, oftentimes necessary to correct mistakes, supply omissions, and make the return a perfect and complete record of the officer's

doings. The very idea of amending it assumes that it is the evidence, and, so far as he is concerned, the exclusive evidence of his doings under it. In *Wilder* v. *Holden*, 24 Pick., 11, 12, MORTON, J., in giving the opinion of the court, says— "We know of no way to prove an attachment of property but by the officer's written return on his precept. It is this writing which perfects, if it does not constitute, the attachment. * * * The officer may seize personal property, but unless he make a proper statement of it in writing on a precept, it cannot be deemed an attachment. The right of the officer and his servants to hold the property attached is perfect before the return of the precept to the office where it is returnable, and unless relinquished will continue till the return day. If it be not returned at all the attachment will be dissolved."

In a recent case in this court, *Williams* v. *Ives*, 25 Conn., 568, similar doctrine is recognized. That was an action of trespass *de bonis asportatis* against an officer. He gave in evidence that he had a lawful writ in his hands against the plaintiff, and that he took the property described by virtue of the same. He subsequently learned from the plaintiff in that suit, that the writ had been issued without his authority and that he wished him to proceed no further in the service of the writ, and to restore the property taken to the owner. He did so, and made no return of his writ to court. The plaintiff in the suit brought against the officer obtained a verdict, and the defendant moved for a new trial. HINMAN, J., gave the opinion of the court. He says—"He (the officer) must justify by his process, or he stands in the condition of a naked trespasser without process; and he cannot prove by parol that he had a legal warrant, but he must show it, and must show by his return upon it what he did under it, that the court may see whether his acts are justified or not." If an officer cannot show by parol what he did with legal process for the purpose of justification when sued, he ought not to be allowed to show by parol what he did to establish a claim in his own favor against another. If the law does not recognize parol evidence in such a case as a shield to protect, it surely cannot permit it to be used as a sword to attack.

There being then no legal evidence that the plaintiff ever attached this property, he fails altogether to establish any right, title or interest whatever, in it, or to it, and of course cannot recover. There is nothing to uphold this verdict; it must be set aside and a new trial ordered.

It is thus rendered unnecessary to decide any other questions raised on the record, but as we have given them some consideration, and as it may be the means of saving expense to the parties litigant, we have concluded to express our views on some other points.

It appears that these writs, in the hands of Sanford for service, were returned by him, and judgment was rendered by default at the August term, 1868, of the Superior Court for the county of Fairfield. No execution had been taken out on either judgment at the time of the trial of this action, October term, 1870.

Assuming now that the property in controversy was legally attached by the plaintiff, has he, in view of these facts, a right to recover in this suit?

We think he has not. There can be no dispute as to the principle on which his right to recover rests. It has been settled too often to admit of doubt. Story on Bailments, 94; Drake on Attachment, 348. As tersely and correctly stated by Judge CARPENTER in *Dayton* v. *Merritt*, 33 Conn., 186, "the plaintiff (an attaching officer sueing on a receipt) can maintain his action only because of his accountability to the attaching creditor, or to the owner of the property attached. If the circumstances are such that he is accountable to neither he cannot recover."

The only persons to whom the plaintiff can be liable are the attaching creditors, whose writs he served, and the owners of the property which he attached. English and Skidmore are the attaching creditors. The court in Fairfield County could not entertain jurisdiction in the case of English against Barnes; the process, as we have already said, was void on its face; the judgment rendered was necessarily void, and of course there is no foundation for any claim in favor of English against the plaintiff. In Skidmore's case there was no

appearance for the defendant ; it was defaulted and went into judgment at the first term. Our statute, (Gen. Statutes, p. 17, sec. 77,) says of such an action, " The court shall continue the same to the next term." It may be further continued, if the defendant does not then appear, at the discretion of the court, but the court is allowed no discretion as to the continuance at the first term. If the defendant does not appear before judgment the court of course acquires no jurisdiction over his person and can render no judgment that would be binding upon him personally. The proceeding becomes a mere statutory proceeding for the appropriation of the property attached to the payment of the debt on which it is attached. This being so, every step required by the statute must be taken, precisely as an officer in levying an execution on real estate must comply with every statutory requirement in the proceeding or no title will pass by the levy. Here a most important statute requisite was omitted, and consequently a levy of the execution on the property would have been of no effect.

Passing all this by, supposing this judgment to have been a lawful and valid one, we find a period of more than two years to have passed before the trial of this case in the court below, and no execution had been taken out. Any lien created by the attachment on this property for the benefit of Skidmore continued for sixty days after the judgment, and no longer. Years therefore had elapsed, when this case was tried in the court below, since Skidmore had had any interest in this property, directly or remotely, by virtue of this attachment. He omitted to take the necessary legal steps to fix any liability to him on the officer during the sixty days, and none exists. We have no hesitation in saying that the plaintiff is under no responsibility to Skidmore on account of this property. A call by him on Sanford, as attaching officer, for not applying the property attached according to law on the execution, is conclusively answered by the admitted fact that no execution was ever issued.

The cases of *Burrows* v. *Stoddard*, 3 Conn., 431, and *Mills* v. *Camp*, 14 Conn, 219, may seem to give countenance to a

contrary doctrine. The case of *Burrows* v. *Stoddard* was never weighty as an authority ; it was doubted by CHURCH, J., in giving the opinion of the court in *Gates* v. *Bushnell*, 9 Conn., 534, and Judge PETERS, in the same case, p. 536, expressed himself with judicial emphasis, as " glad to see *Burrows* v. *Stoddard* shaken, and he thought it would not survive another concussion." We are not inclined to vindicate the doctrine of that case. *Mills* v. *Camp* was an action of trespass brought by a deputy sheriff, who claimed title to the property in dispute, iron ore, by virtue of the levy of sundry writs of attachment in favor of creditors of the owners of the property. The defendants took the same property on writs of attachment in favor of other creditors, claiming that the property had not been lawfully attached. The plaintiff obtained a verdict, and, on a motion for a new trial by the defendant, one claim was that the plaintiff had lost his lien created by the original attachment, if any was created, by omitting to make demand of the defendant for the property on the executions which issued. The court did not recognize the claim, and refused a new trial. They say : " They (the defendants) continued to hold it (the property) wrongfully after judgment was rendered, and still deny that he (the plaintiff) had any right to make demand of them. As between the plaintiff and themselves the obligation lay on them to return the property, not on him to demand it."

If this doctrine goes to the extent of holding that an officer may recover for property which he has attached, without reference to his liability over to third persons, we cannot give it our assent. That is one of the obnoxious features in *Burrows* v. *Stoddard*. But the case at bar is clearly distinguishable from both these cases. In them there were regular, valid judgments, and executions duly issued. In this case the judgment, to say the least, was erroneous, and no execution has been issued. In *Mills* v. *Camp* the court say that the plaintiff's right of action accrued, and his suit was instituted, before judgment was rendered. That claim is made in this case. There is no doubt but that an officer who has duly attached property may, while the suit is pending in court,

recover its value from any one who has wrongfully taken it from him, and this on the ground of his undoubted liability over, either to the attaching creditor or to the owner. But if his liability over is ended, his right to recover is also ended.

This case is distinguishable from both the above cases in another important particular. The property in this case belonged to Preston and Barnes jointly. The plaintiff attached the interest, or attempted to attach the interest, of Barnes only. The defendant attached the interest of Preston only. Evidence was given, it seems, in the court below by the defendant, of writs in his hands against Barnes, but they were not laid in, and form no part of the record. The process on which he must rest is the two writs against Preston, one in favor of Carrington, the other in favor of King. He sold all the interest of Preston in the property taken by him on Carrington's execution. There is no evidence that he sold or attempted to sell Barnes's interest. His holding or selling Preston's interest was no denial of the right of the plaintiff to sell Barnes's interest. In *Mills* v. *Camp* and in *Burrows* v. *Stoddard* the parties were contesting the right to the same property. Here the plaintiff claims a right to Barnes's interest, and the defendant a right to Preston's interest, the property being joint property.

The plaintiff then is certainly not answerable in any way to Skidmore. There is no one else to whom he can be liable but the owner of the property. The plaintiff claims that it belonged to Barnes; as his, he attached it. Testimony was given on the trial of a sale of this property by Barnes to King. King testified that he bought it. The plaintiff scouts the idea of such a sale. It may or may not have taken place. We have only to say that, whether it belongs to Barnes or King, and it seems to be admitted that it belongs to one or the other, neither of them has any claim on the plaintiff. King has no claim, for he bought Preston's interest at sheriff's sale and took possession of the whole property. What more can he have? If Barnes is still the owner he has no claim on the plaintiff, for the defendant sold Preston's interest to King, delivering him the possession; and a delivery of

property, owned jointly, to a co-tenant, after the attachment is dissolved, discharges the liability of the officer. *Frost* v. *Kellogg*, 23 Verm., 308. King bought Preston's interest, and so came lawfully into possession of the whole property. If Barnes still continues owner of his share, he can call on King for it, but not on the plaintiff.

The plaintiff then has not only failed to show that he ever attached this property, but has also failed to show any existing liability over to any person even if there had been an attachment. Should this verdict be allowed to stand, for aught that we can discover the plaintiff would be allowed to put this money into his own pocket and use it for his personal benefit, without the color or shadow of right to it. No one has the hardihood to make such a claim; it is repugnant alike to common sense and common honesty.

Let the verdict be set aside and a new trial be granted.

In this opinion the other judges concurred.