Sedgwick, J.s
delivered the opinion of the Court.
In this case it is very clear that the bill of sale from Allen to the plaintiff, being upon sufficient consideration, was valid as between the parties to the instrument. The only question is. whether it be so against bona fide creditors of Allen, such as Webb and Beadle, under a process issuing in whose favor the defendant claims to hold, are admitted to be.
The conveyance of the sloop Lydia from Allen to the plaintiff was not absolute, but conditional, by way of mortgage, with a power to sell, to secure him against certain liabilities which he had incurred for the debts of Allen, this latter not being actually indebted to him at the time. Whether if, under these circumstances, Allen had been suffered to continue possession of the vessel jointly with the * plaintiff, such possession would have been inconsistent with the deed, or otherwise fraudulent against creditors, it is not necessary now to determine.
If a ship be at sea, a transfer by bill of sale, without delivery, is good as against all persons; and the reason is, that as, between the parties, the contract is binding in all cases; and the subsequent possession of the vendor avoids it as to third persons, only because it is an indication of fraud ; which reason cannot apply in a case where delivery is impossible. We see no reason why the exception should not extend to protect contracts relating to ships which are at home, but in a port distant from the place where the contract is made. In such case the vendee should take possession within a reasonable time. (b) Whether that was done in this instance, the facts stated do not enable us to decide. We are of opinion that the distance between Salem and Manchester is immaterial; and we know not how long the vessel remained at the latter place, except that it was only a few days.
But there is one circumstance, upon which we are satisfied that *247 the plaintiff is entitled to recover. The vessel was seised by the defendant in an hour after the execution of the bill of sale by Allen. She was then the property of the plaintiff, his title being liable to be divested by his subsequent loches. The possession of the defendant was, therefore, in its inception wrongful; and we are of opinion that the plaintiff, in suffering that possession to continue for a few days, was not guilty of such negligence as thereby te have forfeited his claim. Indeed, it must be a strong case, in which wrong by sufferance shall be matured to right. It will be observed, that immediately on the vessel’s arrival at her home in Salem, the plaintiff went on board her, and attempted to take possession. (c)

Judgment on the verdict.

 [Ingraham vs. Wheeler, 6 Con. 283—284. Sed vide Lanfear vs. Sumner, 17 Mass. Rep. 110. — Ed.]

 [A sale of a share or interest in a chattel, less than the whole, is good, without actual delivery. Addis vs. Baker, 1 Anst. 222. — Haskell vs. Greely, 3 Greenl. 425. — M'Calla vs. Bullock, 2 Bibb, 228. — Ed.]