Parker, C. J.,
delivered the opinion of the Court. There are two reasons, each of which is decisive against charging the trustee in the present suit.
Unless he is chargeable on account of the shipments to him from Philadelphia, before the goods came into his possession here, the plaintiff cannot prevail; because processes were served upon him by other creditors, before the plaintiffs’ writ was served after the arrival of the goods. And we are very clear that he was not trustee, until he had accepted the consignment, and had received the goods Until then it rested in contingency, whether he would be a debtor of the consignors or not. Had the goods been lost, he would have owed nothing; and had he refused the consignment, which he might have done, the effect would have been the same. Several cases cited in the argument, establish the principle, that where the [ * 344 ] person summoned * as trustee is not the absolute debtor, or has not the effects of the principal in his hands, he cannot be charged.
*285 But as there are other suits depending upon the other question in the cause, we think it best to state, that the facts disclosed by the defendant show an assignment of the balance in his hands to Gilbert fy Dean, to the amount' of the bill of exchange drawn by Ridgway Sf Balch in favor of Nevins & Co., and endorsed to them.
Had the defendant accepted the bill when presented to him, there could have been no question. His promise to accept and pay it, if it should be returned, was binding on him, and he could not have refused to pay it, if, in consequence of this promise, they had omitted to look to the drawers and endorsers, relying upon his promise. This engagement on his part gave him a lien upon the goods for his indemnity.
Several of the cases cited show that a promise to accept, even . after a protest for non-acceptance, is binding; and that a promise to accept, made after the bill becomes due according to its tenor, amounts to a promise to pay immediately.
Conditional promises also, if accepted by the holder, are binding upon the happening of the condition. The defendant promised Gilbert Demi, if they would get the bill back, he would accept and pay it; and they obtained the bill. This promise was binding on him; and being made before he was summoned as trustee, he has a right to retain the goods for his indemnity (7).

Trustee discharged.

 [Vide Chitty on Bills, 8th Edition, London, pp. 350—353. —Ed.]