The opinion of the Court was delivered at an adjourned session of March term 1825, in Suffolk, by
Parker C. J.
[After stating some of the facts.] These assignments, being made long before Bates was summoned as trustee, if valid in law, transferred the property of How-land in the vessel and cargo, the former to Morgan, the latter to Braden, Morgan & Co. In the form in which the question is submitted to the Court, the assignments must be taken to have been made bona fide, and for a valuable consideration. Indeed the only objection offered by the counsel for the plaintiff to their complete operation according to their tenor, is, that no delivery of the property intended to be assigned is shown by the answers. And it is a fact, that no ac tual delivery of either vessel or cargo has ever taken place, they being in a foreign country, and at sea, when the assignments were made, and hav'ng been sold by the captain before he received any notice of the assignment.
But it is very certain, that a ship at sea may be transferred, though no delivery can be bad until she returns, and even then possession is required within a reasonable time only to rebut the presumption of fraud which would arise from a continuance of possession in the vendor. And if the ship be sold pursuant to authority carried out by the master, the interest in the proceeds of the sale would vest in the vendee and be subject to bis orders and control.
The same doctrine is applicable to goods which while at sea are the subject of a bond fide sale, all the interest in the vendor becoming vested in the vendee, and the captain be' *639 coming bis agent respecting them or their proceeds, as soon as he receives notice of the transfer.
The assignees, as soon as possible after these several transfers were made, forwarded notice of the fact to Bates, the captain, which was all that could be done by them; and neither the vessel nor cargo having returned in specie, no possession could then be taken, but they exhibited their title to Bates, and claimed the proceeds of the property, which was all they could do under the circumstances.
For this doctrine in relation to the vessel, the case of Badlam v. Tucker, 1 Pick. 389, is sufficient authority. Indeed it is a well known principle in the law merchant, that the sale of a vessel at sea, with a delivery over to the vendee of such evidence of title as may be in the possession of the vendor, is sufficient to pass the property of the vessel against creditors, provided there be no such negligence in regard to possession, when the vessel arrives, as will give ground for presumption of fraud.[1]
But it is thought by counsel, that this is an exception to the general principles, which regulate the transfer of chattels, in favor of ships only ; and this from necessity, because they are most generally at sea, and so are incapable of a delivery. The same reason of necessity applies as strongly to the cargo as to the vessel, and so the same principles are applicable. There is no doubt, that by the common law, to complete the sale of a chattel, so that the vendee may hold it against a subsequent purchaser, ignorant of the former sale, a delivery is necessary, though between the vendor and vendee the mere sale, with the payment of the price, is sufficient.[2] But as an actual delivery of the thing itself may not always be possible or convenient, a symbolical delivery is admitted as a substitute.[3]
*640 Thus, when goods in a warehouse are the subject of a sale, the key of the warehouse delivered to the vendee is a sufficient delivery of the goods. Wilkes v. Ferris, 5 Johns. R. 335. So if the goods sold were stored with other goods :n a common or public warehouse, as the vendor would not have the key to deliver, there the receipt held by the vendor, of the person who has the custody, is considered a proper symbol of delivery.
So in Harman v. Anderson, 2 Campb. 243. The goods sold were lodged in a warehouse, and the vendor delivered to the vendee the invoice of the goods and an order upon the warehouseman for delivery of the goods, which were lodged with him. This was considered a valid transfer in favor of the assignees of the vendee who had become a bankrupt. Lord Ellenborough held, that upon receiving the order for delivery the warehouseman became the agent of the vendee, and held the custody of the goods for him.
In the case of Hollingsworth v. Napier, 3 Caines’s R. 182, the same doctrine was held by the Supreme Court of New York.[1]
The case of Lempriere v. Pasley, 2 T. R. 485, goes upon the same principle, and decides that a conveyance of goods at sea for security of a debt, was good, without any indorsement of the bill of lading, which had not come to hand when the transfer was made, but which was received and indorsed after an act of bankruptcy committed by the vendor.
The case of Brown v. Heathcote, 1 Atk. 160, shows that the same rule is adopted in the court of chancery. No contradictory authorities have been cited, but the counsel for the plaintiff has contended that this sale was void, because no bill of lading was indorsed, and because to sanction this sale, un der the circumstances proved, will militate against the case ol *641 Lanfear v. Sumner, decided by this Court and reported in 17 Mass. R. 117.
Had there been a bill of lading in possession of Howland, a delivery of it indorsed to the assignees would have been necessary to complete their title. As the answers of Bates state nothing upon this point, we have hesitated to give judgment until the fact could be- ascertained ; and it now being admitted by the plaintiff, that the bill or bills of lading left by the captain were in his possession, we are satisfied that the want of delivery of that document by Howland does not prejudice the claim of his assignees. The only document held by Howland was a duplicate of the invoice of the car go, authenticated by Captain Bates. The assignment was made on the back of this invoice, and the paper itself handed over to the assignees. This was a symbolical delivery of the cargo itself, according to the authorities, and it may be added, that when Bates received notice of this transfer he became the agent of the assignees, so that his possession of the cargo, or the proceeds of it after the sale, was in law the possession of the assignees.[1]
Nor is there any thing in this decision that contradicts the case of Lanfear v. Sumner, which was well considered and which we have no disposition to shake. In that case a merchant in Philadelphia made out and receipted a bill of parcels of a number of chests of tea, supposed to be on their passage from China to Boston. They were then in the customhouse in Boston, and before the agent of the vendee demanded possession of them, they were attached by a creditor of the vendor. The attachment was supported, because the goods were not at sea, and because there was no delivery either actual or symbolical. In this case the goods were at sea, at the time of the transfer, and there was a delivery over of the invoice, and there was notice to the person who had the custody of the goods, before the attachment. The case of Lanfear v. Sumner, in point of reasoning and authorities, speaks for tself. We see no similitude between that case and the one now before us.

 Joy v. Sears, 9 Pick. 4 ; Brinley v. Spring, 7 Greenl. 241 ; Tucker v. Buffington, 15 Mass. R. 477 ; Putnam v. Dutch, 8 Mass. R. 287 ; Portland Bank v. Stubbs, 6 Mass. R. 422.

 Ingraham v. Wheeler, 6 Connect. R. 277 ; Noy’s Maxims, c. 42 ; Just. Inst. 3. 24 3 ; Tarling v. Baxter, 6 Barn. & Cress. 360 ; Fletcher v. Howard 2 Vermont R. 115 ; Hanson v. Meyer, 6 East, 614 ; Bayley J. in Bloxam v. Saunders, 4 Barn. & Cress. 941 ; Parsons v. Dickinson, 11 Pick. 352.

 2 Kent’s Comm. (2d ed.) 501; Atkinson v. Maling, 2 T. R. 462.

 A symbolical delivery is in many cases sufficient. But the delivery must be such as the nature of the case admits. Chaplin v. Rogers, 1 East, 194 ; Manton v. Moore, 7 T. R. 67 ; Stoveld v. Ruggles, 14 East, 308 ; Pleasants v Pendleton, 6 Randolph, 473 ; Bentall v. Burn, 3 Barn. & Cress. 423 ; Barney v. Brown, 2 Vermont R. 374 ; 1 Bell’s Comm. 176 ; Bates v. Conkling, 10 Wendell, 389 ; 2 N. Hamp. R. 318 ; Pothier, Traité de la Propriété, No 200 ; Dawes v. Cope, 4 Binn. 258 ; Dig. 41. 1. 9. 6.

 Howland v. Harris, 4 Mason, 502 ; Dawes v. Cope, 4 Binn. 258.