WHEELER (SOCIETY FOR THE PROPAGATION OF THE GOSPEL v.). See Case No. 13,156.

---

## Case No. 17,501.

### WHEELER v. SUMNER.

[4 Mason, 183.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1826.

ASSIGNMENT OF VESSEL AT SEA—TAKING POSSESSION—PRIOR ATTACHMENT.

1. Where A made an assignment of a vessel at sea in trust to B, to indemnify B for indorsements, and also to pay the demands of certain other creditors named in the conveyance, held, that the taking possession of the said vessel by B, in a reasonable time and manner after her return, would be a sufficient delivery and possession to support the assignment, although other creditors of A should attach the vessel before such possession was obtained.

2. It was not necessary to the validity of the assignment, that the preferred creditors should be technically parties to it, nor that their assent should in any manner be given to it at the time of its execution, provided they assented before any attachment of the property.

3. The assignment being for the benefit of the preferred creditors unconditionally and without any stipulation for a release or otherwise, the law would, in such case, presume the assent of the creditors.

Trespass for taking and attaching the brig Fair American. Plea, as to force and arms, not guilty: 2. As to residue of trespass, that the defendant [Charles P. Sumner], as sheriff of the county of Suffolk, attached the vessel as the property of Jonathan Bartlett. Replication, traversing that the vessel was the property of Jonathan Bartlett at the time of the attachment. Issue on the traverse.

At the trial it appeared in evidence, that Jonathan Bartlett was, on the 7th of April, 1826, the owner of the brig Fair American, and being indebted to certain persons, on that day made an assignment to the plaintiff [Samuel Wheeler] of the brig, and certain other property, in trust, to indemnify the plaintiff, as his indorser, and to pay the other creditors named in the conveyance. The conveyance was by a deed poll. Afterwards, on the same day, Jonathan Bartlett executed a bill of sale of the brig to the plaintiff in the form required by the registry act, for the consideration of 2000 dollars, the plaintiff being an indorser for Bartlett on a note for that amount. On the 10th of April the enumerated creditors signed a paper assenting to the trust, and requiring the trustee to execute it. At this time the brig was at sea. The attachment was made by the sheriff on the 15th of April, at the suit of a creditor of Bartlett; the brig having at that time arrived from her voyage at Boston. The plaintiff, as soon as practicable, demanded possession of the brig of the sheriff, which was refused, and she was afterwards sold by the sheriff to satisfy the judgment in the suit on which she was attached. After the attachment a more formal assignment was prepared and executed by the debtor, the plaintiff, and the other creditors. The principal question in the cause was, whether the conveyance of the 7th of April was fraudulent as to creditors or not.

Mr. Parker, for defendant, took various exceptions to it.

Webster & Bliss, for plaintiff.

STORY, Circuit Justice, after summing up the facts, proceeded as follows. The principal question in this case is, whether the assignment is bona fide, or fraudulent as to creditors. If bona fide and for a valuable consideration, then, though it may fail as to all the other preferred creditors, yet it is good to protect the plaintiff to the extent of his liability for his indorsement of the note of 200 dollars. And if so, then the property in the brig Fair American passed by the assignment and bill of sale, and the plaintiff is entitled to recover. For this is not like the case of a foreign attachment. Here the plaintiff is entitled to recover the property itself, which he holds by a regular and good transfer; and the defendant must be deemed a trespasser to that extent.

Many of the objections taken by the defendant's counsel have been already disposed of by the court. There are some, however, which require a more direct opinion. First, it is said, that the assignment is void, because the preferred creditors were not parties to it, neither did they assent to it at the time of its execution. It is contended, that either defect is fatal. I am of a different opinion. It was not necessary, to the validity of the assignment, that the creditors should be technically parties to it; nor that their assent should in any manner be given to it at the time of its execution. It is sufficient, if they assented to it before the present attachment, and that is conclusively proved. But this objection, if sustained,

[1] [Reported by William P. Mason, Esq.]

would only go to the ultimate interest of the other preferred creditors in the property assigned; for as to the plaintiff, if it was bona fide, he is entitled to hold it, for he assented, and is a party to the deed. Secondly, it is objected, that here there was no delivery of the possession at the time of the conveyance. But that was unnecessary, because no delivery of possession can be of a ship at sea. and a sale of her, under such circumstances, is good without it. It is sufficient. if the vendee takes possession, and asserts his title in a reasonable time and manner after her return. It is of no consequence whether, upon her return, the creditors of the vendor attach her before the vendee obtains possession or not. His title is not affected by anything but fraud or gross laches on his part.

I will only add, that in this case, as the assignment was for the benefit of the preferred creditors unconditionally, and without any stipulation for a release or otherwise, the law would, in such a case. presume the assent of the creditors; for the assignment could not but be for their benefit, being made by an insolvent debtor. Here. however, there has been an express assent before the attachment.

Verdict for the plaintiff.