Arnold *v.* Elwell.

---

SAMUEL S. ARNOLD *vs.* WILLIAM ELWELL *& al. and* GEORGE W. BACHELDER, *Trustee.*

One to whom a vessel had been assigned in trust for the benefit of creditors, which was absent at sea at the time the assignment was executed and which did not return until after the service of the trustee process, was held chargeable, as trustee, for the balance of the proceeds of the sale of the vessel, after paying such creditors as had executed the assignment previously to the service.

FROM the disclosure of the trustee, it appeared, that the defendants, on the fourth of *March*, 1835, assigned to the trustee, for the benefit of their creditors, certain property, including the

schooner *Adventure*. Without this schooner, the property was not sufficient to pay those creditors, who had executed the assignment before the service on the trustee ; but including her, there was a balance in the hands of the assignee after satisfying those claims. The statement of the trustee relative to this schooner follows. " In this assignment is the schooner *Adventure*, together with the net proceeds of her voyage. I did not get possession of said schooner until long after the service of the plaintiffs' writ on me, asshe was, at the time the assignment was executed, at sea. I have since her arrival sold her at auction. I have not received the proceeds of the sale, but have given credit to the assignment for her. I took possession of her immediately on her arrival at New York, where I ordered her."

*Wells*, for the trustee, contended, that the trustee ought to be discharged, because when the service was made, he had not the possession of the *Adventure*, and it was wholly uncertain, whether he ever would obtain it. This is precisely the case of *Andrews* v. *Ludlow & Tr's*, 5 *Pick.* 28. The decision is to be made on the state of facts existing at the time of the service, and he cannot now be holden, as trustee, unless the Court are prepared to have charged him, if the vessel had been lost at sea before he could have obtained the possession of her. He must have the property, so that he can turn it out to the officer, if he chooses. *Grant* v. *Shaw*, 16 *Mass. R.* 341 ; *Lanfear* v. *Sumner*, 17 *Mass. R.* 110. So long as it depends upon a contingency, whether the property will ever come into his hands, a man cannot be charged as trustee. Whether the property was lost at sea, or afterwards came to the possession of the trustee, can make no difference, as the uncertainty remained when the process was served. *Rundlet* v. *Jordan*, 3 *Greenl.* 47 ; *Sayward* v. *Drew*, 6 *Greenl.* 263 ; *Sanford* v. *Bliss*, 12 *Pick.* 117 ; *Faulkner* v. *Waters*, 11 *Pick.* 473 ; *Wood* v. *Partridge*, 11 *Mass. R.* 488. The property in this case might have been lost, and nothing obtained from it.

*F. Allen*, for the plaintiff, said, that here the property was actually vested in the trustee by the assignment, and could only be divested by his neglect to take possession within a reasonable

time after her coming into port. The possession of absent property follows the title. The bill of sale while the vessel was at sea transferred the property to the trustee, and if the schooner had been attached on her arrival at the wharf, before any possession had been taken by him, still if he had done his duty and seasonably claimed the property under the assignment, he would have held it. Before the return of the *Adventure*, he might sell and convey a good title, and had an insurable interest in her, and in fact might exercise all the rights of an owner, which *Elwell*, the principal, could have done, if no conveyance had been made. It is said, that this vessel might have been lost, and 'so nothing realized from her. The same might be said with equal truth, if she had been at the wharf, under the control of the trustee, or of goods in a store. No interference by others by attachment, or otherwise, before he could take the actual possession, would divest the property, if he took it within a reasonable time. *Putnam* v. *Dutch*, 8 *Mass. R.* 287; *Badlam* v. *Tucker*, 1 *Pick.* 284; *Brinley* v. *Spring*, 7 *Greenl.* 241.

The opinion of the Court, after a continuance, was drawn up by

WESTON C. J. — Whether the trustee shall be charged or not, depends upon the question, whether the schooner *Adventure* is or is not to be considered as goods or effects of the principal in his hands, at the time of the service upon him of the process of foreign attachment. The vessel, then at sea, had been previous to that time regularly assigned to the trustee. In virtue of the instrument of assignment, the property was transferred and passed to him, subject to be defeated, if he did not take possession of the vessel on her arrival from sea. *Abbot on Shipping*, 10 ; *Atkinson* v. *Maling et als.*, 2 *T. R.* 462 ; *Putnam* v. *Dutch*, 8 *Mass. R.* 287 ; *Badlam* v. *Tucker et al.*, 1 *Pick.* 389. From the time of the assignment, she was subject to the control of the trustee, who was clothed with all the attributes of ownership. He could have insured the property, or assigned it to another. The vessel was in his hands, as effectually, although not with the same security, as if she had been in port.

It is insisted, that it was contingent, whether she would ever arrive, and whether the trustee would realize any thing from her. But he might have sold her while at sea, for a valuable consideration, or he might have made an insurance, which would have given him an equivalent, if she had been lost. Goods in a warehouse, after the service of this kind of process, may be destroyed by fire, before the rendition of judgment, or the issuing of an execution. The continued possession of whatever is liable to be consumed or destroyed, is attended with a certain degree of peril or hazard. If they are lost, before they are turned out on execution, without any fault or negligence on the part of the trustee, and he has not been indemnified by insurance, the trustee might avail himself of this matter, by way of defence to a *scire facias*, which might be brought against him. But when he has, on the day of the service of this process upon him, the entire control, disposition and management of goods and effects, made over to him by his principal, but to which he has no title against an attaching creditor, he is trustee; and has no claim to be discharged, because the property may be exposed to subsequent hazards and contingencies.

In *Grant et al.* v. *Shaw*, 16 *Mass. R.* 341, the principal debtors had consigned goods to the defendant, who while these goods were at sea in their transit, was served with a process of foreign attachment; and he was discharged, upon the ground, that he had neither accepted the consignment, nor received the goods.

In *Andrews* v. *Ludlow and trustees*, the trustees disclosed an assignment to them of certain property by the principal, a part of which was a portion of two vessels with their cargoes, then at sea; but they had been previously assigned and pledged to a third person to secure a sum of money, which pledge was in full force, when the trustee process was served. While thus pledged, the vessels were not liable to attachment, as the property of the principal. He had only an equitable interest, which could not be reached by attachment in his hands, or when transferred to his assignees. *Badlam* v. *Tucker*, 1 *Pick.* 389.

At the time of the service of this process, the trustee had all the possession, of which property so circumstanced was susceptible. No owner could have over it a more perfect control. If

goods have been deposited with a trustee, it has never been held necessary that they should, when process is served, be within the State; although they cannot otherwise be turned out on execution. Suppose the property in question had been goods, under the control of the trustee, in a warehouse in *Boston.* There would be no contingency in regard to his possession; but if he chose to deliver the goods upon the execution, rather than pay their value, they might be lost in the transit.

The vessel in controversy was available property, under the control of the trustee, at the time of the service of the writ. He could on that day, if the foreign attachment had not interposed, have sold and transferred her for a valuable consideration. And the opinion of the court is, that *Bachelder* must be adjudged trustee, according to his disclosure.