# MERRIMACK,

## DECEMBER TERM, A. D. 1854.

---

## FELTON v. FULLER.

The plaintiff made an agreement, in Boston, for the sale and purchase of liquors belonging to him, which were stored in Concord, in this State, with the agent of the defendant. The terms of the agreement were complied with. *Held*, that as between the vendor and the vendee, the title to the property passed without proof of a delivery, and that the sale was complete in Boston.

ASSUMPSIT upon a promissory note, signed by the defendant, and payable to the plaintiff.

Plea, the general issue.

The defence relied on, at the trial, was that the note in suit was given upon a sale, by the defendant, of spirituous liquors without license, and in whole or in part, as a consideration therefor. The only question of fact which the evidence rendered necessary to be submitted to the jury was, whether the sale was made in this State or in Massachusetts. At the time of the sale, the liquors were stored in Concord, in this county, and the evidence in the case tended to show that one Walker, acting in his own behalf or as the agent of the defendant, made a verbal agreement in Boston, Massachusetts, with the plaintiff, at his place of business there, on the 8th day of May, 1852, for the liquors and certain other goods, being the same specified in the invoice or schedule thereof hereafter mentioned, and to which each party is at liberty to refer as a part of this case, stipulating:

to take them at twenty-five per cent. discount from the in-voice prices, to be paid one half in cash or the defendant's note, and the other half by the note of one John G. Fuller; that shortly after this agreement the plaintiff came to Con-cord, and caused an invoice of the goods to be taken, Walker being present; that a few days afterwards the goods were paid for, as stated in the plaintiff's receipt to said Walker, which was introduced in evidence, and is as follows:

"Boston, 3d June, 1852.

Received from Flanders Walker, eight hundred seventy-five $\frac{18}{100}$, being for amount bill goods sold him 13th May, 1852, the said payment, composed of, viz:

| | |
|---|---|
| John G. Fuller's note, dated Hillsborough, N. H., 28 May '52, 6 months, for.................. | $300,00 |
| D. G. Fuller's note, dated Boston, 13 May '52, 90 days,................................. | 437,59 |
| Cash,........................................ | 137,59 |
| | 875,18 |

JOHN FELTON,
Per GEO. JAQUES."

The note in suit was one of the notes referred to in said receipt, and was made and delivered to the plaintiff, at his counting room in Boston, and the goods were taken by Walker, a day or two after the invoice or schedule was made out and removed by him to Bow, in this county. There was no evidence of an actual delivery of the goods by the plaintiff to Walker, or of any transfer or change of the possession other than the foregoing, and no question was made at the trial, by the counsel for the defendant, whether the contract of sale between the plaintiff and Walker was of such a character as to pass the property as between them, without an actual delivery of the liquors. But the defendant contended that, under all the circumstances in the case, the sale was in law made in this

State. The court instructed the jury that if the agreement for the sale and purchase of the liquors was made in Boston, and the terms of the agreement were complied with by Walker, and nothing remained to be done by the plaintiff but merely to deliver the property, the right and title to the liquors would pass by the contract without proof of delivery, and the sale would be complete in Boston, and that the facts that the liquors, at the time of the sale, were stored in this State, and were actually delivered here by the plaintiff to Walker, would not constitute it a sale made in this State, and that if they found the facts to be as above stated, they should find their verdict for the plaintiff. The jury returned a verdict for the plaintiff, which the defendant moved to set aside for the aforesaid alleged erroneous instructions of the court.

*Fowler*, for the plaintiff.

I. There must have been a complete sale in New Hampshire, such as would render the vendor liable to the penalty. The statute does not punish part of a sale in New Hampshire; and if the rest were made in Boston, that is entirely without the statute. Story on Sales § 502. And the case finds only delivery in New Hampshire.

II. A sale is a transmutation of property from one to another, in consideration of some price or recompense in value. 2 Black. 446; Story on Sales, p. 1; 2 Kent 468. And when after the agreement of sale nothing further remained to be done by the vendor, the title passed to the vendee. 2 Kent 496; Story on Sales §§ 298, 299, 300; *Davis* v. *Hill*, 3 N. H. Rep. 382; *Ricker* v. *Cross*, 5 N. H. Rep. 570; *Allen* v. *Deming*, 14 N. H. Rep. 139, 140.

The jury find that the transactions in Boston were such that nothing remained to be done on the part of the vendor but merely to deliver the property, and no question was made at the trial whether the contract of sale between the plaintiff and Walker was such as to pass the

property between them without actual delivery. Here, then, took place just that sale which the law makes illegal. *Smith* v. *Bean*, 15 N. H. Rep. 578. And this rule, in Massachusetts, was good within the statute of frauds, for the jury have found a payment at the sale. Story on Sales, §§ 259, 273 ; 2 Kent 494 ; Rev. Stat. ch. 180, § 9.

The court instructed the jury that if the agreement was made in Boston, and the terms complied with by Walker, &c. The agreement is stated to be for the liquors at a stipulated price, one half of which was *to be paid* in cash or the defendant's note, and the other half by the note of John G. Fuller, and that the notes were made and delivered in Boston, according to the agreement. The notes were then received in payment, and this payment, according to the agreement, was made in Boston. Not only was there no completed sale in New Hampshire, but there was the entire and perfect sale in Massachusetts.

III. The facts that the goods were to be delivered in New Hampshire can have no effect. The statute forbids a sale, not a delivery. Rev. Stat. ch. 117, § 6 ; Comp. Laws, ch. 846, § 5.

Section 252 of Story on the Conflict of Laws states that if merchandize is sold in A., where it is not prohibited, to be delivered in B., where it is, the buyer will not be held liable in B. If this mean where the merchandize is utterly prohibited, it may be true ; but if it mean where the sale is forbidden, it is not true, or supported by the authorities. *Greenwood* v. *Curtis*, 6 Mass. Rep. 378. " If the delivery is to be made where the importation is prohibited," that is directly to violate the law. *Cambion* v. *Maffit*, 2 Wash. C. R. 98. These are the only decisions Story cites.

The true principle seems to be, that a contract made in one country, whose fulfilment necessarily and directly involves the violation of the laws of another country, is illegal, and cannot be inforced in the courts of such other

country. Story on Sales, § 508; *Greenwood* v. *Curtis*, 6 Mass. Rep. 378; 2 Kent 466, 467.

The only act under this contract to be done in New Hampshire was delivery, which is neither contrary to common or statute law, to public policy or good morals.

It does not-appear that any sale of them, after they were delivered, was intended to be made in violation of our law. And if it had been, as the sale in Boston was not contrary to our laws, was in the course of the plaintiff's lawful and ordinary business, and had no connection with the illegal acts proposed to be done in New Hampshire, it would not be invalidated thereby. Story on Sales, § 506; *Holman* v. *Johnson,* Cowper 341; *Pellicot* v. *Angell*, 2 C. M. & R. 311. Cited Story's Conflict of Laws, § 254, n. 1; Story's Conflict of Laws, §§ 253, 254.

*Perley*, on the same side.

I. There was evidence tending to show that, previous to the bill of sale and payment in Boston, the parties had taken an invoice, and ascertained the identity, quantity and price of the goods.

Under the charge of the court, it must be taken that the jury found the facts to be what the evidence tended to prove, to wit, that the price was paid and the bill of sale given in Boston, for the goods which had been before set apart and measured in Concord.

The jury were, therefore, well warranted in finding that nothing remained to be done but merely to deliver the goods.

It is the sale, and not the delivery, which constitutes the statutory offence.

Was the sale made in Concord or in Boston?

The goods were set apart and ascertained, and the agreed price paid. It was a sale, and not an agreement to sell. Nothing remained but for the buyer to take possession of goods which he had bought and paid for.

As between the vendor and the vendee, the property in such a case passes without delivery. Until the delivery, the seller holds as bailee for the buyer and owner. If he refused to deliver on demand, he would be liable in trover. *Ricker* v. *Cross*, 5 N. H. Rep. 571; *Shumway* v. *Rutter*, 7 Pick. 56; Story on Sales 300, 301; *Davis* v. *Hill*, 3 N. H. Rep. 382; *Allen* v. *Deming*, 14 N. H. Rep. 133; *Sartwell* v. *Hughes*, U. S. Circuit Court N. H. Dist. Oct. term, 1852.

II. All the acts necessary to a sale must be in New Hampshire, to constitute the offence. In this case, the contract of sale, the payment of the price, and the giving of the bill of sale, were in Boston. Subsequent to this, the plaintiff did nothing. Taking possession was the mere act of the defendant and Walker, in which the plaintiff took no part, and was not required to take any.

III. The case does not find that the plaintiff knew the goods were to be sold in violation of law, that they were in fact so sold, or intended to be sold; and if all these facts were found, the sale in Boston could be no violation of our statute.

*Bellows*, for the defendant.

I. The contract of sale made in Boston was not completed; it was merely executory; something remained to be done, that is, to take an invoice of the goods, and, of course, to weigh and measure them. Until that was done the price could not be ascertained. Story on Sales, §§ 296–302; *Hanson & a.* v. *Meyer*, 6 East 614; *Davis* v. *Hill*, 3 N. H. Rep. 382; *Messer* v. *Woodman*, 2 Foster's Rep. 172; *Macomber* v. *Parker*, 13 Pick. 183; Story on Contracts, § 80; *Summers* v. *Swift*, 5 Barn. & Cr. 857.

II. So the contract being merely executory, nothing passed, and the contract was substantially made and perfected in New Hampshire. *Sartwell* v. *Hughes*, U. S. Cir. Ct. Oct. 1852; *Woolsey* v. *Bailey*, 7 Foster's Rep. 217; *Smith & Lougee* v. *Smith & Banister*, 7 Foster's Rep. 244;

*Bloxam* v. *Williams*, 3 Barn & Cr. 232; Story on Contracts, § 619.

III. So the sale was not on credit, and the defendant had no right to the goods until they were paid for. And there is no evidence to show that the plaintiff agreed to consider the sale perfect until payment. *Hanson* v. *Meyer*, 6 East 614; *Broxham* v. *Sanders*, 4 Barn. & Cr. 941; Com. Dig. Agreement B. 3.

IV. So the contract in Boston, unaccompanied by a delivery, was void by the statute of frauds of both States. Comp. Laws, ch. 459, § 10.

The Massachusetts statutes of frauds are like ours, substantially, though the amount is fifty dollars instead of thirty-three. *Sartwell* v. *Hughes*, U. S. Cir. Ct. N. H. Dis. Oct. 1852.

V. The contract was to take effect in New Hampshire, the property was in New Hampshire, and the delivery here, and so it is to be governed in its construction and force by the laws of New Hampshire. 2 Kent's Com. 459; Story on Conflict of Laws, § 280; Story on Contracts, § 654 and cases; *Andrews* v. *Pond*, 13 Peters 65; *Cambioso* v. *Maffit*, 2 Wash. C. C. R. 98; *Banbridge & Co.* v. *Wilcocks*, Baldwin C. C. R. 537; *Chapman* v. *Robinson*, 6 Paige 627; *Prentiss & a.* v. *Savage*, 13 Mass. Rep. 23; *Robinson* v. *Bland*, 2 Burr. 1077; *Thompson* v. *Ketchum*, 4 Johns. 285; ———— v. *Nickerson*, 3 Story 465; *Houghton* v. *Page*, 2 N. H. Rep. 42; *Dyer* v. *Hunt & a.* 5 N. H. Rep. 401; *Bliss* v. *Houghton*, 13 N. H. Rep. 126; *French* v. *Hall*, 9 N. H. Rep. 137; *Sessions* v. *Little*, 9 N. H. Rep. 271; *Goodall* v. *Marshall*, 11 N. H. Rep. 88.

VI. The rule that personal property has no locality and is governed by the law of the place where the owner has his domicil, does not apply.

That is a rule of comity, and does not operate where it directly militates against the laws of the country where such personal property happens to be located.

So an assignment in bankruptcy, by a resident of another State, of such property here, is not good against a creditor in this State. *Sanders* v. *Williams,* 5 N. H. Rep. 213; *Sanderson* v. *Bradford,* 10 N. H. Rep. 260; Story on Conflict of Laws, §§ 385, 386, 387, 388.

VII.   Again, if the liquors were to be sold in Massachusetts, to be delivered in New Hampshire, where such sale is prohibited, the buyer will not be liable, because such a contract is repugnant to the laws and interest of the country which made the prohibition.   Story on Conflict of Laws, § 252 and cases; *Parsons,* C. J. in *Greenwood* v. *Curtis,* 6 Mass. Rep. 378; *Cambioso* v. *Moffat,* 2 Wash. C. C. R. 98; 2 Peters' Dig. 682, §§ 42, 43, 44; *Ferret & a.* v. *Bartlett,* 21 Vermont Rep. 184.

GILCHRIST, C. J.   The liquors were in Concord.   Walker agreed with the plaintiff, in Boston, to buy the goods mentioned in a schedule, at twenty-five per cent. discount from the invoice price thereof.   The plaintiff then came to Concord, and took an invoice of the goods, Walker being present, and the goods were paid for by a note, which was made and delivered to the plaintiff in Boston.   Walker then removed the goods.

No formal delivery was necessary to vest the title in the vendee.

Every thing that was necessary to a perfect contract between the parties took place in Boston.   The contract was made there, and the note was made and delivered there. In order to ascertain the amount of the purchase money, the invoice was taken, but for no other purpose.   It was not done as one of the conditions of the contract, without which the parties agreed that the property should not pass.

The general rule is, that the delivery of possession is necessary, in a conveyance of personal chattels as against every one but the vendor.   Between the vendor and the vendee the property will pass without delivery, but not with

respect to third persons, who may afterwards, without notice, acquire a title to the goods under the vendor. *Ricker* v. *Cross*, 5 N. H. Rep. 570.

As the sale was complete in Massachusetts, and no delivery in this State was necessary, there should be
> *Judgment on the verdict.*