## WILLIAM HALSEY *vs.* EDWARD C. HUSE.

*H* fraudulently purchased goods of the plaintiff. Before the fraud was discovered certain creditors of *H* attached the goods in his hands, and thereupon a settlement was made between them and *H* under which the attachments were withdrawn and the goods delivered by the officer to the attaching creditors, the officer making no return of the writs. After this the plaintiff, discovering the fraud, made demand on *H* for the goods, and not receiving them brought trespass and trover against the officer to recover their value, having first made demand upon him. Held—

1. That the neglect of the defendant to return the writs was a matter of which the plaintiff could not take advantage.
2. That the defendant was justified in delivering up the property to the creditors under the agreement of *H* with them.
3. That the plaintiff had no such possession as would enable him to maintain trespass.
4. That the defendant's neglect to deliver the goods on demand, when he had lawfully parted with the possession, was not a conversion.
5. That the case was not affected by the fact that the attaching creditors had given the defendant a bond of indemnity.

TRESPASS *de bonus asportatis*, with a count in trover; brought to the Court of Common Pleas of Fairfield County, and tried to the court on the general issue with notice before *Fyler, J.* Judgment for the defendant and motion for a new trial by the plaintiff. The case is sufficiently stated in the opinion.

*S. Tweedy* and *H. B. Scott,* in support of the motion.

*W. F. Taylor,* contra.

CARPENTER, J. The question in this case is a plain one; the facts from which it arises are few and simple. But the motion is needlessly prolix, containing as it does a mass of testimony and presenting questions which have ceased to be of any importance. This is to be regretted, not merely on account of the labor imposed upon counsel and the court, but also on account of the unnecessary expense to the parties.

One Hanley by means of a fraudulent purchase obtained goods of the plaintiff. Before the fraud was discovered two of Hanley's creditors attached the goods. Thereupon Hanley

settled with the creditors, each taking a portion of the goods in payment of his demand. The suits were discontinued, and the defendant, who served the attachments as an officer, by direction of the creditors and the debtor surrendered the property attached and did not return the writs. After the goods had gone out of Hanley's possession the plaintiff made demand of him for the goods, and not receiving them brought this action against the officer, after demand, to recover their value. The court below rendered judgment for the defendant, and the plaintiff moves for a new trial.

The plaintiff's case resolves itself into two questions:—1st. Was it competent for the defendant to show his official capacity and the purpose for which the goods were taken by him? 2d. Do the facts when shown constitute a defense to this action?

1. The plaintiff objects that, inasmuch as the defendant did not complete his returns on the writs and did not return them to the court to which they were returnable, he cannot now be permitted to justify the taking by their authority.

It is undoubtedly a correct legal proposition that an officer, in order to justify the taking of the goods of another by virtue of legal process, must show that he has taken every step which the law requires, from the commencement of the service to the close of the proceeding, or show a legal excuse for not doing so. In this case it is conceded that he did not make returns of his doings on the writs and did not return the writs to court. Was there a legal excuse?

If he was endeavoring to enforce his own title acquired by the service of process, as in *Sanford* v. *Pond*, 37 Conn., 588, or if he was attempting to justify his acts as against the defendant in those suits, the case would present quite a different question.

In this case the defendant is only required to justify against a third party, who, at the time of the attachment and the surrender of the goods, had no title or interest except a bare right to defeat Hanley's title by rescinding the sale. The title of Hanley was so far complete that he might lawfully use the goods himself, or sell them to any one parting with

his property in good faith, at any time before the contract of sale was avoided by the plaintiff. Under these circumstances Hanley had a qualified interest in the goods which was subject to attachment, and it was the duty of the defendant on receiving writs with directions to that effect to attach that interest. *Thompson* v. *Rose*, 16 Conn., 71.

He did attach, and the goods were disposed of as above stated. Apparently he had a legal right to take this course. He knew no one but Hanley as the owner of the goods, and was not bound to know any other title. Had the demand been made of him before he parted with the possession of the goods, the case would then have been like that of *Thompson* v. *Rose*, above referred to. But the transaction being then complete between him and Hanley, and the goods being out of his possession when the demand was made, his excuse for not making a return of his doings and returning the writs as against the plaintiff was as valid as it would have been against Hanley. Evidence therefore to show the defendant's relation to the goods and all the circumstances was properly received.

2. Do the facts proved constitute a defence to the action?

The declaration contains two counts, one in trespass and one in trover. It is difficult to see how trespass can be maintained. The plaintiff was not in the possession of the goods at the time of the alleged injury; he had not then a full title, having by his own act previously invested Hanley with an apparent title with a right to the exclusive possession; his interest consisted in a mere right to defeat Hanley's title and revest the title in himself; until the sale was actually avoided the title remained in Hanley, and the plaintiff's mere right to avoid it, unexercised, was not such a title as carries with it the constructive possession, and will not therefore support trespass.

The same considerations will to some extent apply to the count in trover. Furthermore a conversion is the gist of the action of trover. There was no conversion by the defendant. His delivery of the goods to Hanley or to his order at the time was lawful and proper. The plaintiff had access to

them in his hands precisely the same as though the defendant had not attached them. The arrangement between Hanley and his creditors was no more than a sale to them, and the plaintiff had the same right to reclaim the goods in their hands that he would have had if they had been sold without the intervention of an attachment. We cannot see therefore how the defendant's action has injured the plaintiff or in any way interfered with his right to reclaim his goods.

The demand and refusal, under the circumstances, was not sufficient evidence of a conversion. At that time the goods were not in his possession and it was not in his power to deliver them. They had passed out of his hands lawfully and he had been guilty of no wrong. He had a legal excuse therefore for not delivering them.

But it is said that the plaintiff, having duly rescinded the fraudulent sale, was entitled to the goods or their value as against every person who had not in good faith parted with a valuable consideration on the credit of Hanley's possession. This is a sound proposition if limited to the party who has the control and possession of the goods. But if it is intended to apply it to an officer who has had lawful possession of the goods only in his official capacity, and who has lawfully parted with the possession and no longer claims to hold the goods or to have any interest therein, we cannot assent to it as sound law.

If the defendant had had the goods when demanded, his possession up to that time would have been lawful; his subsequent retention of them only would have been unlawful. But there was no such retention; therefore the defendant's conduct was not unlawful.

But it is further claimed that the defendant, having a bond of indemnity from the attaching creditors, is on that account liable to the plaintiff. We do not think that that is so. The indemnity is a matter entirely between the defendant and the attaching creditors and cannot confer a right of action upon the plaintiff.

A new trial is not advised.

In this opinion the other judges concurred.